IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHAHDAD C. BOLOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:10-CV-00225 |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants Professional Foreclosure Corporation of Virginia, Substitute Trustees ("PFC"), by undersigned counsel, pursuant to Fed R. Civ. P. 12(b)(6), submit the following memorandum in support of Motion to Dismiss Plaintiff's Amended Complaint.

### Introduction

Defendant, Bank of America, N.A. ("BOA"), is the holder of a promissory note endorsed in blank (*See* Defendant BOA's Exhibit 1 - Note) and has properly appointed PFC as Substitute Trustee with the powers as provided in the Deed of Trust (*See* Defendant BOA's Exhibit 4 – Deed of Appointment). This complaint is just another in a series of efforts by Plaintiff's counsel to abuse the judicial process by filing meritless lawsuits in an attempt to delay Virginia's non judicial foreclosure process.

### Standard of Review

Under Fed. R. Civ. P. 12(b)(6) an adequate Complaint must contain "sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A

claim is "facially plausible" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-1950.

In this case, Plaintiffs' Complaint against PFC fails the plausibility standard as presented in *Twombly and Iqbal* and should be dismissed. The Complaint is made up of legal conclusions and bare inchoate recitals of State and Federal law which do not apply. These are precisely the type of "threadbare" and unsupportable assertions *Twombly* and *Iqbal* are meant to root out.

### Bank of America is the Holder and Authorized to Appoint a Substitute Trustee

Under Virginia law, the holder of an instrument or a nonholder in possession of the instrument with the same rights as the holder may enforce the instrument. Va. Code. Ann. §8.3A-301. Further, an individual may be "entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id.* An individual becomes the "holder" of an instrument through the process of negotiation, and if "an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." *Id.* at §8.3A-201(b). On the other hand, if an instrument has a blank endorsement, it is considered "payable to bearer," and it may be negotiated by transfer of possession alone. *See* VA. Code §§ 8.3A-201(b) & 8.3A-205. In this case, the endorsement on the Note shows that the Note has a blank endorsement.

Absent a contrary provision, notes are generally freely transferable, and the transferee retains the right to enforce the instrument. *See* Va. Code Ann. §8.31-203(b)("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument..."); *see also Johnson v. Ferris*, 58 Va. Cir. 7, 2001 WL 1829719, at *4 (May 31, 2001 Va. Cir. Ct.)(noting that "in the absence of an express provision against assignment of a contract not involving personal skill, trust, or confidence, the contract is freely assignable" and citing *J. Maury Dove Co. v. New River Coal,* 150 Va. 796 (Va. 1928).

The original lender on the Note was "WASHINGTON MUTUAL BANK, FA" who endorsed the note in blank on page 5. Accordingly, it may be negotiated by a simple change in possession and enforced by its current holder, BOA. (*See* Defendant BOA's Exhibit 1 - Note).

Pursuant to Va. Code § 55-59(9), "[t]he party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby' are empowered to appoint a substitute trustee, "regardless of whether such right and power is expressly granted in such deed of trust." *Virginia Housing Development Authority v. Fox Run Ltd. Partnership,* 255 Va. 356, 364-365 (Va. 1998).

Plaintiff's claims regarding the noteholder's right to appoint substitute trustees is contrary to the express authorization under Va Code Section 55-59, which expressly provides that the holder of the note secured by a deed of trust "shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is granted in such deed of trust,..." Moreover, as the power to appoint a substitute trustee constitutes a power coupled with an interest, the noteholder is entitled to exercise such right as assignee of the subject loan. Accordingly, Plaintiff's challenge to the noteholder's right to appoint the substitute trustees and foreclose is substantively meritless.

The endorsement on the promissory note plainly indicates that the Note is endorsed in blank and is possessed by BOA, which is thus the "party secured by the deed of trust." Once appointed, the substitute trustee is empowered by Va. Code §55-59(7) to foreclose and sell property provided as security for the notes.

Plaintiff's theory certainly seems inconsistent with Virginia's status as a non-judicial foreclosure state, and also undermines a secured party's authority under Virginia law to foreclose and sell property that is provided as security for a loan. *See* Va. Code §§ 55-59.1-59.4.

### There Exists No Negligence/Breach of Fiduciary Duty

Plaintiff alleges that defendant Professional Foreclosure Corporation of Virginia, as a trustee under the deeds of trust pertaining to the Property, acted negligently and breached its fiduciary duty owed to him by failing to perform "reasonable due diligence" before foreclosing on the Property, as well as by "failing to remain impartial." *See* Amended Complaint at ¶49-50. "Under Virginia law, however, a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust. *Carter v. Countrywide Home Loans, Inc.*, No. 3:07-cv-651, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008)("[T]he trustee only owes those duties that are listed in the deed of trust itself."); *see also Fleet Finance v. Burke & Herbert Bank and Trust*, 1992 WL 884461, at *3 (Va. Cir. Ct. Jan. 28, 1992).

As Plaintiff does not allege that any such duties exist in the deed of trust or facts establishing impartiality, the Plaintiff has failed to plead the elements that give rise to a claim for negligence, and has failed to allege facts that make plausible any claim of negligence or violation of fiduciary duty and Count II should be dismissed.

### There Exists No Basis for Declaratory or Injunctive Relief or a Quiet Title Action

A declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future.  2010 WL 538039 at *1 (citing *Douros v. State Farm Fire and Casualty Co.,* 508 F.Supp.2d 479, 482 (E.D.Va. 2007)(declaratory relief is appropriate where the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding").  In this case, seeking a declaratory judgment as to Defendants' title and interest in the property is inapposite to the underlying purpose of declaratory relief.  Further, plaintiffs fail to state a plausible basis on which the Court could grant the declaratory relief sought.  Based on the foregoing, there is no basis on which to declare that "none of the Defendants has any right, title, or interest" in the notes or the property securing them.

"An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams,* 277 Va. 230, 238 (2009).  The facts that Plaintiff alleges to support this claim are not sufficient to make that claim plausible and Counts I and III should be dismissed.

## There Exists No Violation of The Fair Debt Collections Practices Act ("FDCPA")

In their Complaint, Plaintiffs fail to state the specific FDCPA provision PFC allegedly violated or how and when such alleged violation occurred.  Plaintiffs fail to allege PFC is a "debt collector" as defined under the FDCPA (See 15 U.S.C. 1692(a)(6)).  Plaintiffs only allege that PFC "violated the FDCPA by failing to identify the proper creditor as required by federal law." (*See* Amended Complaint at ¶'s 61-63).

Plaintiff asserts that "PFC repeatedly asserted that JPMORGAN was the creditor in its correspondence to Plaintiff." (*See* Amended Complaint at ¶'s 62).  This directly contradicts the October 6, 2009 letter sent to Plaintiff which stated "The creditor to whom the debt is owed is

BANK OF AMERICA NATIONAL ASSOCIATION." (*See* Defendant BOA's Exhibit 3 - Letter - at page 4). Plaintiff's own counsel, via electronic mail, even acknowledging receiving the October 6, 2009 letter and stated "your letter identifies Bank of America as the "holder."" (*See* Defendant BOA's Exhibit 5 - Email - at page 3 of exhibit).

In light of this correspondence, Plaintiffs claims appear to be entirely fabricated out of thin air, if not dishonest. For the purposes of this motion, even if their accusations that PFC identified the wrong party as note holder were correct, the Amended Complaint still falls woefully short of properly pleading the cause of action.

"In order to establish a FDCPA violation, Plaintiffs must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. See Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005). The FDCPA defines a debt collector as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. §1692a(6)(emphasis added).

Plaintiff has failed to allege facts that make plausible any claim of Violation of the FDCPA and Count IV should be dismissed.

WHEREFORE, Defendant Professional Foreclosure Corporation of Virginia respectfully requests that the Complaint be dismissed with prejudice as against it.

Respectfully Submitted,

PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA,

By Counsel

6

/s/ Joseph J. Shannon
Joseph J. Shannon, Esquire
VSB No. 75628
Counsel for Professional Foreclosure
Corporation of Virginia
SHAPIRO & BURSON, LLP
13531 Lee Jackson Memorial Hwy.
Suite 201
Fairfax, VA 22033
Phone:  (703) 261-7461
Fax:  (703) 449-5850
Email:  jshannon@logs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2010, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Christopher E. Brown
Brown Brown & Brown
6269 Franconia Road
Alexandria, VA 22310
(703) 924-0223
brownfirm@lawyer.com
Counsel for Plaintiff

Jonathan Stuart Hubbard
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218
804-697-1406
Jon.hubbard@troutmansanders.com
Counsel for Defendant Bank of America, N.A.

John C. Lynch
Troutman Sanders LLP
P.O. Box 61185
222 Central Park Ave

Suite 2000
Virginia Beach, VA 23462
757-687-7765
John.lynch@troutmansanders.com
Counsel for Defendant Bank of America, N.A.

  /s/ Joseph J. Shannon
Joseph J. Shannon, Esquire
VSB No. 75628
Counsel for Professional Foreclosure
Corporation of Virginia
SHAPIRO & BURSON, LLP
13531 Lee Jackson Memorial Hwy.
Suite 201
Fairfax, VA 22033
Phone: (703) 261-7461
Fax: (703) 449-5850
Email: jshannon@logs.com